IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3308-FL

| | |
|---|---|
| LOWELL PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER JACKSON, OFFICER ) | |
| FITZGERALD, and OFFICER ) | |
| PATRICK, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to amend (DE 11) and motion for a temporary restraining order (DE 12). In this posture, the issues raised are ripe for adjudication.

A.  Motion to Amend

Plaintiff moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). The court ALLOWS plaintiff's first motion to amend as a matter of course. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).

B.  Motion for a Temporary Restraining Order

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va.

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Amco Production Co. v. Village of Gambell, AK, 480 U.S. 531, 546 n. 12 (1987).

Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

C.     Frivolity Review

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may

be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff originally brought this action against defendants Officers Jackson, Fitzgerald, and Patrick. Plaintiff made the following allegations in his original complaint:

> On 11-10-2015 while housed in a restricted RM 5208 Safe Keeping (mental health) ofc. Jackson decides not to give me my Breakfast tray. While waiting to be handed my tray through my trap door. Mr. ofc. Jackson asked me to remove my hands from my jumpsuit. I then replied back to stop[] playing, and give me my tray. He then stated while an unidentified ofc. stop beside him that if I didn't do as he said that I wasn't eating breakfast. I told him if I didn't follow the order to write me up. It's a federal law that says he has to feed me no matter the circumstances. (Disciplinary, 24hr lock down) etc. He decides not to feed me, which resulted me to beating on my door, and flooding my room with water after trying to speak to the nursing staff, that were working the floor. The unidentified ofc. didn't have on a name tag. I was told by an inmate name Anthony Jefferies the unidentified ofc's name were Patrick, she told me her name were Fitzgerald.
>
> I'm here being safe-kept (safe-keeping) mental health. (3100 Central Prison) I'm still in the Wake County Jail Custody waiting for court. . . . I need out of here A.S.A.P! The staff here is terrible, and unprofessional.
>
> There were a murder recently on the mental health side. The staff here are really negligent.

(Compl. (DE 1), pp. 3-4.)

Plaintiff's complaint is not a model of clarity. Plaintiff appears to complain that defendant Officer Jackson ("Jackson") violated his constitutional rights when Jackson failed to provide plaintiff with breakfast on November 10, 2015. However, a single missed meal does not rise to a constitutional violation. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding the fact that a prisoner may have missed a meal does not rise to the level of cruel and unusual punishment); Rodriguez v. Briley, 403 F.3d 952, 952 (7th Cir. 2005) (holding a prisoner's refusal to conform to prison rules resulting in a loss of meals does not reach the level of a constitutional violation because in essence, the prisoner, "punished himself"); see also, Jones v. Riggs, No. 5:08CV92-02-MU, 2008 WL 3823693, at *1 (W.D.N.C. Aug. 13, 2008) ("To put it simply, one missed meal does not a constitutional violation make."), appeal dismissed,301 F. App'x 211 (4th Cir. 2008).

To the extent plaintiff requests that the court transfer him from Central Prison to another correctional facility, an inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); Johnson v. Ozmint, 456 F. Supp.2d 688, 695 (D.S.C. 2006) (citing Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir. 2004) (per curiam)). Thus, plaintiff again fails to state a claim.

The court now turns to the claims plaintiff asserted in his amended complaint. Plaintiff complains that he received disciplinary charges arising out of the November 10, 2015, dispute regarding his breakfast tray, and that prison officials violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution in the course of the resulting disciplinary proceedings. Plaintiff attached a December 2, 2015, disciplinary report to his amended complaint indicating that plaintiff was charged with three disciplinary offenses, (A-09, B-18, and C-13) arising out of the November 10, 2015, incident. (Am. Compl. Attach.) The December 2,

4

2015, disciplinary report reflected that plaintiff was found not guilty of the B-18 charge and pleaded guilty to the C-13 charge. (Id.) The report further reflected that the A-09 charge was being referred to a disciplinary hearing officer ("DHO") for disposition. (Id.)

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may dismiss a complaint *sua sponte* for failure to exhaust administrative remedies where the plaintiff's failure to exhaust is apparent from the face of a complaint. Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint ..., a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.") Specifically, the court in Anderson stated as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That

5

>   exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

The North Carolina DOC has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6).

Here, the record reflects that, on December 2, 2015, plaintiff pleaded guilty to the C-13 disciplinary charge, and that his A09 disciplinary charge was referred to a DHO for disposition. (Am. Compl. Attach.) Plaintiff further states in his amended complaint that he submitted a grievance regarding his disciplinary proceedings, but has not yet heard a response. (Am. Compl. p. 2.) Given the fact the fact that plaintiff did not plead guilty to the C-13 disciplinary charge until December 2, 2015, the fact that his A-09 disciplinary charge remains unresolved, and the fact that

6

he admits he is in the process of exhausting his administrative remedies, it is clearly apparent from plaintiff's filings that he could not have exhausted his administrative remedies for his due process claims arising out of his disciplinary proceedings before he filed this action on December 2, 2015. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . ."). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted these claims, and plaintiff's claims regarding his disciplinary proceedings set forth in his amended complaint are DISMISSED without prejudice. A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

In addition to his claims regarding his disciplinary charges, plaintiff also makes the following conclusory allegations in his amended complaint:

> Being I'm pursuing a civil lawsuit, the staff are communicating threats. I feel unsafe at this facility! I was assaulted by Ofc.'s my thumb has been dislocated by staff. (I have an arm cast on) you will see the restrictions ofc. []Jackson were putting on me while housed in that dorm, before he decided not to give me a tray. The ofcs are playing in my trays etc. Help! I was told the wrong location by staff. I found out I was located at unit 6 instead of unit 2.

(Am. Comp. (DE 11), p. 2.) These allegations are vague and conclusory. For instance, with the exception of the unspecified "restrictions" Jackson allegedly place on plaintiff, plaintiff does not connect any defendant with the alleged conduct or provide any dates for the alleged conduct. Such conclusory allegations are insufficient to establish a constitutional violation. See Ashcroft v. Iqbal,

7

556 U.S. 662, 681 (2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required). Thus, plaintiff's conclusory allegations are DISMISSED without prejudice.

In summary, the court rules as follows:

(1) Plaintiff's motion to amend (DE 11) is GRANTED;

(2) Plaintiff's motion for a temporary restraining order (DE 12) is DENIED;

(3) Plaintiff's claims set forth in his original complaint and his conclusory allegations set forth in his amended complaint are DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's remaining claims set forth in his amended complaint are DISMISSED without prejudice for failure to exhaust his administrative remedies prior to filing this action. A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

SO ORDERED, this the 29th day of April, 2016.

LOUISE W. FLANAGAN
United States District Judge